
**FILED**

MAY 2 6 2017

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MIKE SARGEANT and RYAN FUNKE,<br><br>Plaintiff,<br><br>vs.<br><br>DON BELL, in his individual and official capacities, LAKE COUNTY SHERIFF'S OFFICE, LAKE COUNTY and JOHN DOES 1-5, in their individual and official capacities,<br><br>Defendant. | CV 15–116–M–DLC–RWA<br><br>ORDER |

United States Magistrate Judge Richard W. Anderson entered findings and recommendations in this case on January 12, 2017, recommending that Defendants Don Bell, Lake County Sheriff's Office, and Lake County's (collectively "LSCO") motion for summary judgment be granted in all respects and that Plaintiffs' complaint be dismissed. Plaintiffs Mike Sargeant ("Sargeant") and Ryan Funke ("Funke") filed a timely objection to the findings and recommendations, and so they are entitled to a de novo review of those findings and recommendations to which they specifically object. 28 U.S.C. § 636(b)(1)(C). This Court reviews for

-1-

clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## BACKGROUND

This case stems from investigations into an alleged poaching ring called the "Coyote Club" in Lake County, Montana. Sargeant and Funke were accused of participating in the poaching ring while on duty and while in law enforcement vehicles. The first investigation was initiated by the Montana Fish Wildlife and Parks ("FWP") in 2010, but no charges were brought against the Plaintiffs or any other individuals. In 2014, Don Bell was elected Sheriff of Lake County and took office in January 2015. Similarly, Steve Eschenbacher ("Eschenbacher") was the newly elected Lake County Attorney. Eschenbacher had heard of the Coyote Club and was concerned when a few years prior no charges were brought.

Eschenbacher obtained the investigative files from the FWP investigation, spoke with several Lake County deputies, and decided to task LCSO Detective Lenz with re-investigating possible charges. Detective Lenz researched and

learned that Funke and Confederated Salish and Kootenai Tribal Police Officer Jason Nash ("Nash") had removed several mounts from Sargeant's residence years earlier when Sargeant received an email threat that the Coyote Club would be exposed. Detective Lenz determined that a search warrant was necessary to discover if animal mounts of the allegedly illegally taken animals were hidden at Sargeant's residence, Funke's residence, or Nash's residence. In the affidavit for the search warrant, Detective Lenz described evidence that Sargeant had unlawfully taken a number of deer and at least two black bears, and that he believed Sargeant, Nash, and/or Funke still possessed these mounts due to their valuable and coveted nature. Lake County District Court Judge James A. Manley and Detective Lenz discussed the fact that several years had passed since the unlawfully possessed mounts had been seen and since the FWP investigation. But, Judge Manley informed Detective Lenz that he did not believe that the passage of time posed a problem and that probable cause existed that the mounts could still be possessed by Sargeant, Funke, or Nash. Judge Manley signed and issued the search warrant. The search warrant authorized a search for any mounts believed to be unlawfully possessed and any hunting photographs.

Detective Lenz seized seven whitetail deer mounts and a black bear rug from Sargeant's residence. Around this time, Sheriff Bell discussed the ongoing

investigation with Funke, and Bell provided Funke with a copy of the search warrant but did not execute the search warrant at his residence. Funke voluntarily invited Bell into his residence. Bell took photographs of deer mounts, but nothing was seized from Funke's home.

As a result of these activities, Sargeant and Funke both claim that they have experienced debilitating stress and emotional and mental damages. Plaintiffs filed a civil rights petition against LSCO in Montana's Twentieth Judicial District Court, which was removed to federal court. Sargeant and Funke alleged four claims: Count I: Violation of Plaintiff's Rights under the Montana Constitution; Count II: 42 U.S.C. §1983, Violation of Fourth and Fourteenth Amendments by Sheriff Bell and John Does 1-5 in their individual capacities; Count III: Negligent Infliction of Emotional Distress; Count IV: Intentional Infliction of Emotional Distress; and punitive damages and attorneys' fees. LSCO moved for summary judgment on all counts, which Judge Anderson granted.[1]

## DISCUSSION

Judge Anderson found that the search warrant in this case was sufficient with respect to the items subject to seizure, which meets the requirements for a valid search warrant. Plaintiffs argue that Judge Anderson erred because there are

---

[1] Judge Anderson also denied Plaintiffs' cross-motion for summary judgment as moot.

no facts in the record to support the existence of probable cause prior to applying for the search warrant, and that the affidavits presented in support of Defendants' motion for summary judgment fail to demonstrate that there was sufficient probable cause. In effect, the Plaintiffs argue that the evidence supporting the 2015 search warrant was no greater than the evidence available in 2010, which was determined to be insufficient to support a search. Plaintiffs argue that the only evidence that was presented at the time Detective Lenz applied for a search warrant was speculative at best. Plaintiffs cite to no authority to support their position on this issue. The only case law in support of their objection relates to the particularity requirements for a search warrant.

A judge's determination that probable cause exists to grant a search warrant should be granted deference. *Montana v. Rinehart*, 864 P.2d 1219, 1223 (1993); *Illinois v. Gates*, 462 U.S. 213, 236 (1983). A reviewing court should only consider whether the judge possessed "a substantial basis" for finding probable cause to issue the warrant. *Rinehart*, 864 P.2d at 1223. Further, "every reasonable inference possible should be drawn to support that determination." *Id.* (citation omitted). "Probable cause must be determined solely from the information contained within the four corners of the search warrant application." *Id.* Moreover, under the totality of the circumstances test, "the issuing judicial officer

must make a practical, common sense determination, given all the evidence contained in the application for a search warrant, whether a fair probability exists that contraband or evidence of a crime will be found in a particular place." *Montana v. Barnaby*, 142 P.3d 809, 816 (Mont. 2006) (citing *Gates*, 462 U.S. at 238).

After reviewing the application for search warrant (Doc. 35-1), the search warrant (Doc. 35-3), and the accompanying affidavits (Docs. 32, 33, 34), the Courts finds that probable cause existed for a valid search warrant. The application for the search warrant, which relied on over twenty witnesses' statements combined with taxidermy records, payments for taxidermy by Sargeant, and a 2005 report authored by FWP Warden Schoening regarding the alleged illegal taking of animals by Sargeant and Nash, constitutes sufficient probable cause under a totality of the circumstances to suspect that illegal mounts and evidence could still be at the Plaintiffs' residences. While Plaintiffs contend that all of the witnesses' statements in the application do not amass the totality of circumstances needed to satisfy probable cause, this Court finds that argument unpersuasive. Many of the witness statements were from informants wholly unconnected to each other that independently establish that Sargeant was illegally spotlighting and/or taking wild animals, and that Funke may have helped conceal

the illegal conduct. (*See* Doc. 35-1 at 8-18.) The Court gives deference to Judge Manley who issued the search warrant, and the Court does not find that he erred in his determination that probable cause existed. Further, there is no question that the search warrant application stated with particularity the homes and places to be searched. (*See* Doc. 35-1 at 2-3.)

Thus, the Court finds that the search warrant application and warrant were sufficient in all respects, and there was no violation of either the Montana Constitution or the United States Constitution. Consequently, because no negligent or intentional conduct occurred, the Plaintiffs' claims for negligent and intentional infliction of emotional distress are without merit.

Considering the remainder of Judge Anderson's conclusions for clear error, and finding none,

IT IS ORDERED that Judge Anderson's Findings and Recommendations (Docs. 48, 49) are ADOPTED IN FULL. Defendants' motion for summary judgment (Doc. 29) is GRANTED. Plaintiffs motion for summary judgment (Doc. 36) is DENIED as moot. This case is DISMISSED WITH PREJUDICE.

DATED this 26th day of May, 2017.

*Dana L. Christensen*

Dana L. Christensen, Chief Judge
United States District Court